UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THERESA MCCLENDON,

                             Plaintiff,

   -against-

THE CITY OF NEW YORK,
Sgt Fritz Glemaud, Det. Frank Sarrica
Det. Chris Schilling and Det. Chris Ward,

                             Defendants.
-------------------------------------------------------------x

Index No.: JUN 18 AM 9: 24

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

CV 14     3797

COGAN, J.

THERESA MCCLENDON, by her attorney, Chidi Eze, Esq., complaining of the City of New York and the individually identified police officers, all of NYPD's 73rd Precinct, upon information and belief, alleges as follows:

## JURISDICTION

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color

1

of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a citizen of the United States, residing in Brooklyn, City & State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the 75th Precinct.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants' actions. Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On August 13, 2012, at approximately 5:30 p.m., plaintiff was home alone when she heard heavy pounding on her apartment door. Out of fear for her safety plaintiff refused to open the door, while inquiring from inside her who these individual were. Upon asking, through the door, who these individuals were, a heavy voice stated "if you don't open the door we will kick it down". Upon hearing this threat, plaintiff immediately called her sister, who immediately called the police.

9. This heavy banging continued on plaintiff's door for 20 or 30 minutes, following which these individuals kicked down plaintiff's door and Three (3) to Four (4) plain clothed individuals, later identified to be the defendant officers, rushed into plaintiff's apartment, grabbed her and threw her to the ground, while stating " where is the shit at".

10. Plaintiff was handled, her apartment completely trashed, and her bed was broken, her clothes were scattered all over the place, while plaintiff was forced to lay down facing down on the floor of her living area, with handcuffs in place.

11. After this madness, plaintiff was handcuffed from behind and thrown into a waiting police van that had other suspects in it. Plaintiff was taken to the 73rd Precinct where she was processed and subjected to another search.

12. Plaintiff was later taken, after several hours from the Precinct to Kings County Central bookings late that night. At Central Bookings plaintiff was charged with several counts of Criminal Possession of Controlled Substance. Upon appearing before a Judge on August

14, 2012, bailed was set for plaintiff in the amount of $5,000. Unable to immediately make bail, plaintiff was transferred to Riker's Island were she remained in detention until August 17, 2012 at approximately 12 noon, when she made bail and was released from Riker's Island.

13. Upon being released from detention, plaintiff continued to make court appearances to defend the case, and on November 26, 2013, after having been prosecuted for more than 15 months, plaintiff accepted an ACD disposition of the case.

14. Accordingly, plaintiff was arrested and imprisoned for approximately 90 hours even though the defendant Police Officers knew, or should have known based on the facts, that plaintiff did not commit any crime or could not be charged with any offense.

15. As a direct and proximate result of defendants' actions, plaintiff was deprived of her due process rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious emotional injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of her body.

17. The illegal and unlawful arrest of plaintiff, plaintiff's wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge of the fact that plaintiff did not commit any crime, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

19. In light of the foregoing, plaintiff has been damaged by the actions of the City of New York and its agents, was publicly humiliated, and assaulted in public, was arrested and imprisoned for over 90 hours without probable cause, lost respect and dignity before friends and family, suffered and continues to suffer severe mental anguish, reputation injuries, psychological and emotional distress, some or all of which may be permanent.

20. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

21. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, and knowingly concealed violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including the defendants in this case, to engage in these unlawful conducts.

## AND AS FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is

<small>

repeated verbatim herein.

23. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for her constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to her under the Fourth and Fourteenth Amendments to the Constitution, and her right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments. By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff her Constitutional rights secured to her by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

24. As a result of the seizure of his person, Plaintiff was denied her freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they arrested and imprisoned her, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff

for approximately 90 hours without probable cause, deprived her of her rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiff her Constitutional rights secured to her by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

27. Plaintiff was denied her freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of her rights under State and Common Laws and for emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they arrested and imprisoned her, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and re-alleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

29. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department Therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained herein.

30. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of these rights, resulting in emotional and mental distress. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

  i. $2,000,000 in compensatory damages against all the defendants, jointly and severally;

  ii. $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

  iii. attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

  iv. such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
       May 21, 2014

By: ____/s/____

CHIDI EZE
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800